[S. F. No. 14418. In Bank.—August 2, 1932.]

JURA LAWRENCE HALL, Respondent, v. HOWARD H. BRU et al., Appellants.

Frank J. Golden and Grant & Zimdars for Appellants.

A. L. Weil and Harris F. Shaw for Respondent.

SHENK, J.—This is an appeal by the defendants from an interlocutory judgment in an action in partition and also from an order made after the entry of the interlocutory judgment refusing to set aside the order confirming the report of the referee.

The plaintiff is the owner of seven-ninths of the real property in question. The defendants Bru are the owners of one-ninth and the defendants Schlaffer are the owners of one-ninth. The complaint is in due form. It alleges among other things that the premises are so situated that partition in kind cannot be made without great prejudice to the owners thereof, and prays that if the court so find, the premises be sold and the proceeds be distributed in due proportion. The defendants answered denying for lack of information and belief that the property cannot be partitioned in kind without great prejudice to the owners. At the trial all parties were present or represented. The plaintiff introduced evidence in support of the controverted allegation of the complaint. The defendants offered no evidence on the issue at that time, but it was stipulated that the court appoint a sole referee to ascertain and report to the court whether the property could or could not be partitioned without great prejudice to the owners. The referee was appointed and reported to the court that after due notice and in the presence of counsel for all parties he personally inspected and examined the premises and found that partition could not be had without great prejudice to the owners. Thereafter the plaintiff's counsel duly served and filed a notice of motion for an order of court confirming the report of the referee. The motion was noticed for 2 o'clock P. M. on March 14, 1930, in the appropriate department of the superior court in Oakland. At the appointed time the plaintiff appeared with counsel, introduced evidence in support of the referee's report and moved that the report be confirmed. The motion was granted, and on March 21, 1930, the court signed and filed its interlocutory decree ordering the property to be sold and appointing the same referee to conduct the sale. Thereafter defendant's counsel moved the court to set aside the order confirming the report on the ground that the order was taken through defendants' inadvertence, surprise and excusable neglect as detailed in the affidavit of the defendant Bru confirmed by the affidavit of

his counsel. The affidavit of the defendant Bru averred that he and his counsel left their offices in San Francisco in time, so they estimated, to arrive at the Alameda County courthouse at 2 o'clock P. M. on March 14th; that because of a delay in traffic they were unable to board the 1:20 P. M. ferry-boat and were compelled to take the 1:40 P. M. boat, which caused them to arrive at the courthouse eighteen minutes after the matter set for 2 o'clock had been heard and determined; that the defendant was prepared to offer testimony to the effect that the property could be partitioned in kind without great prejudice to the owners and that the market for real estate in the locality was then in such condition that the property could not be sold without great loss to the parties. The motion was denied, and gross abuse of discretion is charged against the trial court in denying the same.

The defendants rely on *Fulweiler* v. *Hog's Back Con. Min. Co.*, 83 Cal. 126 [23 Pac. 65], in support of their position. A reading of the opinion in that case at once discloses that the defendants here have fallen far short of the diligence exercised by the defaulting party in that case. When the defendants here found themselves in the predicament disclosed by their affidavits it would appear to have been an easy matter to have communicated by telephone or telegraph to the court or the clerk thereof the facts causing their delay and requesting that the matter be continued for sufficient time to permit them to be present. No such showing was made. Considering all of the facts appearing in the record, and assuming that the trial court might well have relieved the defendants from their default, we are not prepared to say that the trial court was guilty of such an abuse of discretion as would justify a reversal.

The judgment and order are affirmed.

Preston, J., Curtis, J., Langdon, J., Tyler, J., *pro tem.*, Seawell, J., and Waste, C. J., concurred.